UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
AUG 13 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WILLIAM DICAPRIO-CUOZZO,
#1121972,

    Petitioner,

v.    Case No. 2:10cv157

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On July 2, 2002, Petitioner, William DiCaprio-Cuozzo ("DiCaprio-Cuozzo"), was convicted of three (3) counts of forcible sodomy in the Henrico County Circuit Court of Henrico, Virginia. Tr., Commonwealth v. DiCaprio-Cuozzo, Nos. CR01-4086-00-F, CR01-

4088-00-F, CR01-4091-00-F (Va. Cir. Ct. July 2, 2002). On October 4, 2002, DiCaprio-Cuozzo was sentenced on each charge to forty (40) years in prison with twenty-three (23) years suspended, resulting in a total active sentence of fifty-one (51) years. Tr., Commonwealth v. DiCaprio-Cuzzo, Nos. CR01-4086-00-F, CR01-4088-00-F, CR01-4091-00-F (Va. Cir. Ct. Oct. 4, 2002).

DiCaprio-Cuozzo entered an Alford plea, see North Carolina v. Alford, 400 U.S. 25 (1970), pursuant to a plea agreement.[1] Tr. at 5, Commonwealth v. DiCaprio-Cuozzo, Nos. CR01-4086-00-F, CR01-4088-00-F, CR01-4091-00-F (Va. Cir. Ct. July 2, 2002). DiCaprio-Cuozzo did not directly appeal his conviction, and therefore, his conviction became final on November 3, 2002, thirty (30) days after the Circuit Court sentenced him.

DiCaprio-Cuozzo filed a petition for a writ of habeas corpus ("state petition") in the Henrico County Circuit Court on September 1, 2004. DiCaprio-Cuozzo v. Page True, Warden, No. CL04-1007 (Va. Cir. Ct. Sept. 1, 2004).[2] After considering DiCaprio-Cuozzo's

---

[1] DiCaprio-Cuozzo was indicted on November 13, 2001, and charged with thirteen (13) felonies, including production and reproduction of child pornography, forcible sodomy, animate object sexual penetration, aggravated sexual battery, and indecent liberties. In exchange for pleading guilty to three (3) counts of forcible sodomy, the remaining ten (10) charges were nolle prossed.

[2] Prior to filing his state petition, DiCaprio-Cuozzo filed the following motions in Henrico County Circuit Court, which were denied:
    Oct. 7, 2002: Motion to Reconsider Sentence
    Jan. 16, 2003: Motion to Vacate Judgment and Withdraw Plea
    Jan. 31, 2003: Motion to Amend Motion to Vacate and Withdraw

claims on the merits, the circuit court denied the petition on October 19, 2004. Id. DiCaprio-Cuozzo appealed that decision to the Supreme Court of Virginia, and the court dismissed the petition on March 8, 2005, because Petitioner had not timely filed his notice of appeal. DiCaprio-Cuozzo v. Page True, Warden, No. 050211, (Va. Mar. 8, 2005).

On November 3, 2005, DiCaprio-Cuozzo filed a second habeas petition in the Supreme Court of Virginia. The Supreme Court of Virginia refused the petition on February 2, 2006, holding that it was both successive and time-barred. DiCaprio-Cuozzo v. Warden, No. 052239 (Va. Feb. 2, 2006).

On May 30, 2007, DiCaprio-Cuozzo filed a Motion to Vacate Void Judgment in the Henrico County Circuit Court,[3] which was denied on June 1, 2007. DiCaprio-Cuozzo appealed, and the Supreme Court of Virginia dismissed the appeal on October 19, 2007. DiCaprio-Cuozzo v. Commonwealth, No. 071907 (Va. Oct. 19, 2007). DiCaprio-Cuozzo filed a petition for rehearing, which was refused on January 22, 2008.

On July 18, 2008, DiCaprio-Cuozzo executed a Motion to Vacate

---

Plea
Mar. 3, 2003: Motion for New Trial on Newly Discovered Evidence
Mar. 27, 2003: Motion to Reconsider Motion for New Trial

[3] DiCaprio-Cuozzo claimed that the trial court did not have proper jurisdiction when he was transported for trial.

Void Judgment in the Henrico County Circuit Court.[4] The court denied the motion on July 28, 2008. DiCaprio-Cuozzo appealed to the Supreme Court of Virginia, which dismissed his appeal on January 14, 2009. DiCaprio-Cuozzo v. Commonwealth, No. 082423 (Va. Jan. 14, 2009). DiCaprio-Cuozzo filed a petition for rehearing, which was refused on March 9, 2009.

On August 18, 2008, DiCaprio-Cuozzo filed a motion for new trial in the Henrico County Circuit Court on the basis that Richard Rossi, the alleged victim, had recanted his trial testimony. DiCaprio-Cuozzo attached a signed and notarized affidavit from Rossi in which Rossi denied that DiCaprio-Cuozzo sexually abused him. The court denied DiCaprio-Cuozzo's motion on September 8, 2008.

On September 23, 2009, DiCaprio-Cuozzo wrote a letter to Judge Harris requesting review of his case or to have his convictions run concurrently. This letter was interpreted as a motion for review, which the court denied on September 30, 2009. DiCaprio-Cuozzo then asked for recusal of the judge and reconsideration of his motion, which was denied on October 8, 2009. DiCaprio-Cuozzo next appealed this denial to the Supreme Court of Virginia, which refused the appeal on May 27, 2010. DiCaprio-Cuozzo filed a petition for

---

[4] DiCaprio-Cuozzo argued that he should have been convicted of one single offense rather than three offenses because the sexual acts allegedly occurred on the same day. He also argued for his sentences to run concurrently.

rehearing, which is currently pending. DiCaprio-Cuozzo v. Commonwealth, No. 092605.

## B. The Instant Petition

On March 24, 2010,[5] while in the custody of the Virginia Department of Corrections at Nottoway Correctional Center, DiCaprio-Cuozzo executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, DiCaprio-Cuozzo alleges actual innocence. On May 27, 2010, Respondent filed his Rule 5 Answer, a Motion to Dismiss accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Rule 7(K). (Doc. Nos. 15-18.) On June 16, 2010, DiCaprio-Cuozzo filed his response (Doc. No. 19), accompanied by a Motion for Discovery, Motion for Evidentiary Hearing, and Motion for Appointment of Counsel (Doc. Nos. 20-22).

Respondent argues that Petitioner's claim is barred by the statute of limitations. The Court agrees.

---

[5] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, DiCaprio-Cuozzo's petition was signed on March 24, 2010; however, it was not received by the court until March 30, 2010. The Court assumes, without finding, that the petition was executed on March 24, 2010, the day it was signed. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of DiCaprio-Cuozzo's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, id. § 2244(d)(1), and the circumstances in which the limitation period may be tolled, id. § 2244(d)(2).

### A. **Commencement of the Statute of Limitations**

The AEDPA provides that:

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim

or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period for filing a federal habeas corpus petition commences when the petitioner's conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). DiCaprio-Cuozzo states that the one-year limitations period does not bar his petition because his petition is "based upon newly discovered evidence not available at trial . . . ." (Pet. at 14.) The Court construes DiCaprio-Cuozzo's assertion as an argument that the statute of limitations in his case should be calculated pursuant to the belated commencement date in § 2244(d)(1)(D).

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Pursuant to this provision, the relevant inquiry is "when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." McKinney v. Ray, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008); see also Owens, 235 F.3d at 359; Johnson v. Polk, No. 1:07cv278, 2008 WL 199728, at *3 (M.D.N.C. Jan. 22, 2008); Phillips v. Spencer, 477 F. Supp. 2d 306, 311 (D. Mass. Jan. 24, 2007) ("'[F]actual predicate' . . . mean[s]

7

evidentiary facts or events rather than court rulings or legal consequences of the facts.").

Respondent summarily states that § 2244(d)(1)(D) does not apply to DiCaprio-Cuozzo's petition. The Court disagrees.

DiCaprio-Cuozzo's claim is based on a newly discovered factual predicate, specifically Rossi's recantation on March 17, 2008. Multiple courts have held that a witness's recantation can serve as the factual predicate from which the limitations period begins to run. See, e.g., Daniels v. Uchtman, 421 F.3d 490, 492 (7th Cir. 2005); Armstrong v. Romanowki, 2010 WL 618375, at *3 (E.D. Mich. Feb. 18, 2010); Castillo v. Ercoleu, 2009 WL 1492182, at *3 (S.D.N.Y. May 27, 2009); Henderson v. Foligno, 2007 WL 1589447, at *2 n. 7 (E.D. Pa. May 31, 2007); see also Frederick v. McNeil, 300 F. App'x 731, 732-33 (11th Cir. 2008); Ajamu-Osagboro v. Patrick, 620 F.Supp.2d 701, 712 (E.D. Pa. 2009). If the petitioner knew or could have discovered that the witness was willing to recant his or her testimony prior to the time the affidavit is executed, the limitations period begins to run on the prior date. See Bates v. Warren, 2010 WL 1286206, at *8 (E.D. Mich. Mar. 30, 2010)("Federal courts have applied [] principles [under § 2244(d)(1)(D)] to cases involving recanting witness affidavits ruling that the limitations period begins when the petitioner knew or could have discovered that the witness was willing to recant his or her testimony, not when the affidavit is executed."). However, where, as here, there

is no evidence that the petitioner possibly could have discovered the recantation previously, the date of the recantation becomes the date on which the limitations period begins to run. See, e.g., Daniels, 421 F.3d at 492; Ajamu-Osaguboro, 620 F.Supp.2d at 712 ("As an incarcerated individual, petitioner arguably had no way of learning of [the victim's] recantation any earlier.").

Here, Rossi's affidavit is dated March 17, 2008.[6] Therefore, absent any applicable tolling period, DiCaprio-Cuozzo had until March 17, 2009, to file his federal habeas corpus petition.

### B. Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for state post-conviction review "is 'properly filed' when its delivery and acceptance are in

---

[6] The Court notes that on the affidavit, the "8" in "2008" appears to have been altered. Further, in DiCaprio-Cuozzo's records from the Henrico County Circuit Court, a document entitled "Affidavit for Entry" accompanies and references the recantation and is dated December 15, 2007. The "7" in "2007" also appears to have been altered. Though these inconsistent and altered dates draw suspicion, for the purposes of this Report and Recommendation, the Court assumes without finding that for the purposes of the statute of limitations, the affidavit was executed on March 17, 2008.

compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, an application that does not comply with the applicable rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (stating that an application was not properly filed and the limitation period was not tolled where the required fee was not included with the filing). Accordingly, a petition that is dismissed by the state court as untimely is "not 'properly filed,' and . . . is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). On the other hand, an application that complies with the rules governing filings, but contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Artuz, 531 U.S. at 9. A properly filed application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (noting that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings, "from initial filing [in the trial court] to final disposition by the highest state court"

(quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

Here, on August 18, 2008, DiCaprio-Cuozzo filed a motion for new trial in the Henrico County Circuit Court on the basis of Rossi's recantation. The Henrico County Circuit Court denied DiCaprio-Cuozzo's motion on September 8, 2008. This appears to be the first motion filed by DiCaprio-Cuozzo regarding Rossi's recantation. If the Court determined that this motion was a properly filed application for post-conviction review, the limitations period only would be tolled twenty-one (21) days until April 7, 2009.

DiCaprio-Cuozzo did not appeal the court's September 8, 2008 denial, and he did not file any additional motions until September 23, 2009. Because the additional motions filed by DiCaprio-Cuozzo were filed after April 7, 2009, they do not toll his limitations period. Therefore, taking the 21-day period of statutory tolling into consideration, DiCaprio-Cuozzo had until April 7, 2009, to file the instant petition. DiCaprio-Cuozzo did not execute the instant petition until March 24, 2010. Accordingly, the Court FINDS that the instant petition is time-barred unless DiCaprio-Cuozzo demonstrates grounds for equitable tolling of the statute of limitations.

## C. Equitable Tolling

In addition to a period of statutory tolling, DiCaprio-Cuozzo may be entitled to equitable tolling of the statute of limitations. See Holland v. Florida, No. 09-5327, 2010 WL 2346549, at *9 (U.S. June 14, 2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"). DiCaprio-Cuozzo argues that his petition is not time barred because he qualifies for equitable tolling because he is actually innocent.

Under the AEDPA, a petitioner may benefit from equitable tolling only if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. The petitioner must "establish[] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Furthermore, "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); Harris, 209 F.3d at 330; Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002) (quoting Harris with approval). The petitioner "bears the

burden of establishing . . . that he is entitled to the benefit of the doctrine of equitable tolling." Doiley v. South Carolina, No. 3:08-3175, 2009 WL 3602029, at *4 (D.S.C. Oct. 27, 2009); see also Pace, 544 U.S. at 418.

The Fourth Circuit has not expressly ruled that "actual innocence" is an exception that permits equitable tolling. However, other circuits have reasonably concluded that there is no such exception. See, e.g., Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) (determining that "actual innocence is unrelated to the statutory timeliness rules"); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002) (finding that Congress did not include actual innocence as an exception to the one-year statute of limitations requirement in § 2244, and that the court would not create a "judge-made exception" where the congressional language was clear on its face); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that there was no express exemption in § 2244(d) for claims of actual innocence, and also determining that such claims do not justify equitable tolling). Further, this Court has found the reasoning in these cases compelling. Maven v. Kelly, 2009 WL 2242634, at *3 (E.D. Va. July 24, 2009).

Nevertheless, before addressing the difficult question of whether actual innocence provides grounds for equitable tolling, the Court may first consider whether the petitioner has made a

sufficient showing of actual innocence. <u>Carter v. Virginia</u>, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010). To successfully plead actual innocence, DiCaprio-Cuozzo must demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of Rossi's recantation. <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006)(citing <u>Schulp v. Delo</u>, 513 U.S. 298, 417 (1995)). Further, because DiCaprio-Cuozzo pleaded guilty to three (3) charges in exchange for ten (10) other charges being nolle prossed, to demonstrate actual innocence, DiCaprio-Cuozzo "must show actual innocence of the charge to which [he] pleaded guilty *and* actual innocence of any other charge dropped by the government as part of the plea bargain." <u>United States v. Green</u>, 2009 WL 2840491, at *2 (W.D. Va. Aug. 31, 2009)(citing <u>Bousley v. United States</u>, 523 US 614, 624 (1998))(emphasis added).

Here, DiCaprio-Cuozzo does not qualify for equitable tolling under a potential actual innocence exception because he has not alleged or presented evidence that he is innocent of the ten (10) charges in the indictment that were nolle prossed in exchange for his plea. Based on the Court's review of the record, only the three (3) charges of forcible sodomy are implicated by Rossi's recantation, and therefore DiCaprio-Cuozzo has not presented new exculpatory evidence related to the charges dropped by the

14

government pursuant to his plea agreement. See Schlup, 513 U.S. at 326-27. Accordingly, DiCaprio-Cuozzo has failed to demonstrate that it is more likely than not that no reasonable juror would have found him guilty, and therefore he has failed to demonstrate that he is entitled to any period of equitable tolling based on actual innocence.

## D. Conclusion

The one-year statute of limitations began to run on March 17, 2008, when Rossi executed the affidavit recanting his testimony. The statute of limitations was statutorily tolled for twenty-one (21) days while DiCaprio-Cuozzo's motion for a new trial was pending before the state court. DiCaprio-Cuozzo has not established that he is entitled to any period of equitable tolling. Therefore, DiCaprio-Cuozzo had until April 7, 2009, to file his federal habeas petition. DiCaprio-Cuozzo did not file his petition in this Court until March 24, 2010, which was nearly one year after the statute of limitations expired. Accordingly, the Court FINDS that DiCaprio-Cuozzo's petition is time-barred, and RECOMMENDS that the instant petition be DENIED.[7]

---

[7] The Court notes that even if DiCaprio-Cuozzo's petition were not time-barred, it likely would be denied on the merits because DiCaprio-Cuozzo's claim of actual innocence is not accompanied by a claim that his conviction is the result of a constitutional violation. See Herrera v. Collins, 506 U.S. 390, 400 (1993)("Claims of actual innocence based on newly discovered

Because DiCaprio-Cuozzo's petition is time-barred, the Court need not address the merits of his Motion for Discovery (Doc. No. 20), Motion for Evidentiary Hearing (Doc. No. 21) and Motion for Appointment of Counsel (Doc. No. 22), and these motions are DENIED as MOOT.

### III. **RECOMMENDATION**

For the foregoing reasons, the Court, having found that the instant petition was not timely filed and is barred by the statute of limitations, RECOMMENDS that DiCaprio-Cuozzo's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of DiCaprio-Cuozzo's claims be DISMISSED WITH PREJUDICE. As noted above, the Court also DENIES Petitioner's Motion for Discovery (Doc. No. 20), Motion for Evidentiary Hearing (Doc. No. 21) and Motion for Appointment of Counsel (Doc. No. 22).

DiCaprio-Cuozzo failed to demonstrate "a substantial showing

---

evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Further, even if DiCaprio-Cuozzo had alleged the same constitutional violations in his federal petition as he did in his state petition, namely that his plea was not knowing and voluntary and he had ineffective assistance of counsel, under the AEDPA, this Court must give deference to the state court's lawful and reasonable findings that DiCaprio-Cuozzo's constitutional claims are without merit. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 386 (2000).

of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 13, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

William Jay DiCaprio-Cuozzo, #1121972
Nottoway Correctional Center
P.O. Box 488
Burkeville, Virginia 23922
*Pro Se*

Kathleen Beatty Martin
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk
August 13, 2010