**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

WILLIAM DICAPRIO-CUOZZO,
#1121972,

          Petitioner,

v.                                Case No. 2:10cv157

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

          Respondent.

<u>OPINION AND FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to Petitioner's conviction on July 2, 2002, in the Henrico County Circuit Court, Virginia, of three (3) counts of forcible sodomy, as a result of which he was sentenced to serve a total active sentence of fifty-one (51) years, in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on August 13, 2010, recommending dismissal of the petition. (Document No. 29.) By copy of the report, each party was advised of his right to file written

objections to the findings and recommendations made by the magistrate judge. On August 20, 2010, the court received Petitioner's objections. (Document No. 30.) On August 27, 2010, the court received Respondent's objections. (Document No. 32.)

### Equitable Tolling for Actual Innocence

Petitioner's primary objection[1] is to the magistrate judge's finding that Petitioner is not entitled to a period of equitable tolling because he failed to demonstrate that he is actually innocent of the charges that were dropped by the government as part of the plea bargain, as well as the three (3) charges to which he pleaded guilty. (Pet'r's Objections at 2-5.) Petitioner also challenges the magistrate judge's finding that "only the three (3) charges of forcible sodomy are implicated by Rossi's recantation." Id. at 2. Petitioner alleges that all thirteen (13) of the indictments originally brought against him "stemmed from and related solely to the direct alleged sexual abuse of Rossi and

---

[1] Petitioner's first objection is to the magistrate judge's characterization of the altered dates in the affidavit of Richard Jay Rossi ("Rossi") as suspicious. (Pet'r's Objections at 1.) However, Petitioner does not challenge the magistrate judge's finding that the affidavit was executed on March 17, 2008, for purposes of commencing the statute of limitations. Since Petitioner does not object to the magistrate judge's finding, this comment does not warrant further discussion. The court also notes that this affidavit could have been submitted under seal, as it involved matters when Rossi was a minor, but it was not so submitted, and thus became part of the public record upon the filing of the Petitioner in this court on April 7, 2010.

2

photographs of which were also involved in the evidence presented." Id. at 3.

The court carefully reviewed the charges in all thirteen (13) indictments, as well as Rossi's affidavit. Rossi's affidavit specifically mentions only the three (3) charges to which Petitioner pleaded guilty.[2] Rossi states that he "learned that [Petitioner] was convicted of forcible sodomy for having '[Rossi] penetrate [Petitioner's] anus.' Above all of this, not only was there no such photograph depicting such an act by [Rossi] upon [Petitioner], but no such thing EVER took place." (Rossi Aff. ¶ 12.) Rossi also declares that Petitioner "became victim to a 51 year sentence for crimes he did not commit upon [Rossi]." (Rossi Aff. ¶ 13.) Accordingly, this new evidence suggests that Petitioner is actually innocent of the three (3) charges to which he pleaded guilty.

As the magistrate judge correctly stated, in order to take advantage of equitable tolling based upon a potential actual

---

[2] The three (3) indictments to which Petitioner pleaded guilty included the following charges: In case number CR01-4086, Petitioner was charged with "unlawfully and feloniously commit forcible sodomy by committing fellatio upon R.R., a male child, eleven (11) years of age, who is not his spouse, in violation of Virginia Code § 18.2-67.1A(1)." In case number CR01-4088, Petitioner was charged with "unlawfully and feloniously, commit forcible sodomy by having R.R., a male child, eleven (11) years of age, who is not his spouse, commit anal intercourse upon him, in violation of Virginia Code § 18.2-67.1." In case number CR01-4091, Petitioner was charged with "unlawfully and feloniously, engage in anallingus with R.R., a male child, eleven (11) years of age, who is not his spouse, in violation of Virginia Code § 18.2-67.1."

innocence exception, Petitioner must demonstrate that he is actually innocent of the crimes for which he was convicted as well as "any other charge dropped by the government as part of a plea bargain." United States v. Green, No. 7:99cr32, 2009 WL 2840491, at *2 (W.D. Va. Aug. 31, 2009) (citing Bousley v. United States, 523 U.S. 614, 624 (1998)); see also United States v. Jackson-Bey, 302 F. Supp. 2d 621, 633-34 (E.D. Va. 2004). In addition to the specific statements discussed above, Rossi's affidavit also contains general statements about Petitioner's conduct. Rossi states that Petitioner "never molested [Rossi] nor forced [Rossi] to engage in any sexual act." (Rossi Aff. ¶ 10(A)). Rossi further states that Petitioner "did not take the photographs of [Rossi] nude, in sexual positions, nor did he ever sexually abuse [Rossi]." (Rossi Aff. ¶ 10(F).) Petitioner argues that these statements demonstrate that he is actually innocent of the eight (8) indictments[3] charging Petitioner with engaging in various sexual

---

[3] The eight (8) indictments that were nolle prossed but involve sexual acts with Rossi include the following charges: In case number CR01-4087, Petitioner was charged with "unlawfully and feloniously, commit forcible sodomy by having R.R., a male child, eleven (11) years of age, who is not his spouse, commit fellatio upon him, in violation of Virginia Code § 18.2-67.1A." In case number CR01-4089, Petitioner was charged with "unlawfully and feloniously, commit forcible sodomy by committing anal intercourse upon R.R., a male child, eleven (11) years of age, who is not his spouse, in violation of Virginia Code § 18.2-67.1." In case number CR01-4090, Petitioner was charged with "unlawfully and feloniously, commit animate object sexual penetration on R.R., a male child, eleven (11) year so age, who is not his spouse, against such person's will, by force, threat or intimidation, with any object not for a bonafide medical purpose, in violation of Virginia Code

4

acts with Rossi that were nolle prossed. (Pet'r's Objections at 4.)

A careful analysis of the language in Rossi's affidavit casts doubt on Petitioner's assertion. Rossi claims that Petitioner never "*forced* [Rossi] to engage in any sexual act." (Rossi Aff. ¶ 10(A)) (emphasis added). The court notes that none of the eight (8) nolled prossed charges discussed here require proof of force, threats, or intimidation where the victim is under the age of thirteen (13),[4] or fifteen (15),[5] for the indecent liberties

---

§ 18.2-67.2." In case number CR01-4092, Petitioner was charged with "unlawfully and feloniously, commit aggravated sexual battery, by sexually abusing R.R., a male child, eleven (11) years of age, by masturbating such child, in violation of Virginia Code § 18.2-67.3." In case number CR01-4093, Petitioner was charged with "unlawfully and feloniously, commit aggravated sexual battery, by sexually abusing R.R., a male child, eleven (11) years of age, by having such child masturbate him, in violation of Virginia Code § 18.2-67.3." In case number CR01-4094, Petitioner was charged with "being over the age of eighteen (18), unlawfully and feloniously, knowingly and intentionally, with lascivious intent, take indecent liberties by exposing his genital parts to R.R., a male minor child, age eleven (11), in violation of Virginia Code § 18.2-370A(I)." In case number CR01-4095, Petitioner was charged with "being over the age of eighteen (18), unlawfully and feloniously, knowingly and intentionally, with lascivious intent, take indecent liberties with R.R., a male minor child, age eleven (11), by proposing such child expose his genital parts to such person, in violation of Virginia Code § 18.2-370A(I)." In case number CR01-4096, Petitioner was charged with "being over the age of eighteen (18), unlawfully and feloniously, knowingly and intentionally, entice, allure, persuade or invite R.R., a male minor child, age eleven (11), to enter his room or house for the purposes set for in § 18.2-370, in violation of Virginia Code § 18.2-370A(5)."

[4] See Va. Code § 18.2-67.1(A) ("An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, fellatio, anilingus, or anal intercourse with a complaining witness . . ., and (1) The complaining witness is less than 13 years of age, or

5

charges. Thus, even if Rossi consented to engage in the alleged sexual acts, the conduct would still be unlawful.

Rossi also states that Petitioner never "molested" or "sexually abused" him. (Rossi Aff. ¶ 10(A), (F).) These statements have multiple plausible interpretations. To the extent that these phrases indicate that Petitioner never made Rossi engage in sexual acts against his will, Petitioner's argument suffers from the same flaw as the statement about force. If the court construes

---

(2) The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness."); Va. Code § 18.2-67.2(A) ("An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness, . . ., and (1) The complaining witness is less than 13 years of age, or (2) The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness."); Va. Code § 18.2-67.3(A) ("An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and (1) The complaining witness is less than 13 years of age . . . ."); Johnson v. Commonwealth, 365 S.E.2d 237, 240 (Va. 1988) (noting that if a sexual assault victim is less than 13 years of age, no force is required to prove aggravated sexual battery).

[5] See Va Code § 18.2-370(A)(1) ("Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony: (1) Expose his or her sexual or genital parts to any child to whom such person is not legally married or propose that any such child expose his or her sexual or genital parts to such person; . . . (5) Entice, allude, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any of the purposes set forth in the preceding subdivisions of this section.").

6

Rossi's affidavit to state that Petitioner and Rossi never had any sexual contact, consensual or otherwise, then the new evidence could be used in an attempt to demonstrate that Petitioner is actually innocent of the eight (8) nolle prossed charges that expressly allege that Petitioner engaged in sexual acts with Rossi.

Nonetheless, even if the court construes the affidavit to implicate all of the charges mentioning Rossi, the petition must still be dismissed because Petitioner failed to establish actual innocence with respect to the two (2) remaining charges that were nolle prossed. The two (2) remaining indictments charged Petitioner with producing sexually explicit material involving a person under the age of eighteen (18).[6] Rossi's affidavit states that Petitioner "<u>did not</u> take the photographs of [Rossi] nude, in sexual positions, nor did he ever sexually abuse me. The photographs with [Petitioner] in them were the ones [Petitioner] went to Randy's to take back, and were with another subject within. That subject was not [Rossi]." (Rossi Aff. ¶ 10(F).) Petitioner

---

[6] These two (2) indictments include the following charges: In case number CR01-4084, Petitioner is charged with "unlawfully and feloniously, produce or makes or attempts or prepares to produce or make sexually explicit visual material which utilizes or has as a subject, a person less than eighteen (18) years of age, in violation of Virginia Code § 18.2-374.1B(2)." In case number CR01-4085, Petitioner is charged with "unlawfully and feloniously, knowingly take part in or participate in the filming, photographing or other reproduction of sexually explicit visual material by any means, including but not limited to computer generated reproduction, which utilizes or has a person less than eighteen (18) years of age, in violation of Virginia Code § 18.2-374.1B(3)."

7

argues that this statement demonstrates that he is actually innocent of the two (2) indictments charging Petitioner with production of child pornography. (Pet'r's Objections at 4.) The court disagrees. Neither of these indictments alleges that the minor involved was Rossi. Furthermore, Rossi's own statement suggests that there are in fact pictures of Petitioner and another individual, although it says nothing about the identity or age of the other individual, or the nature of the images. At best, the new evidence Petitioner offers indicates that Petitioner is actually innocent of producing any pornographic material utilizing Rossi, but it fails to demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" of producing pornographic material depicting a person, other than Rossi, who is under the age of eighteen (18). House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schulp v. Delo, 513 U.S. 298, 327 (1995)).

Because Petitioner failed to demonstrate that he is actually innocent of *all* of the "charge[s] dropped by the government as part of a plea bargain," Green, 2009 WL 2840491, at *2, he is not entitled to a period of equitable tolling under a potential actual innocence exception. Accordingly, Petitioner's objection is OVERRULED.

## Certificate of Appealability

Petitioner also objects to the magistrate judge's finding that the Petitioner "failed to demonstrate 'a substantial showing of the denial of a Constitutional right.'" (Pet'r's Objections at 5.) The magistrate judge made this finding in the context of recommending that the court decline to issue a certificate of appealability, and was not a finding made on the merits of the petition. In order to obtain a certificate of appealability, a habeas petitioner must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right." Brown v. Johnson, No. 09-8150, slip op. at 2 (4th Cir. Aug. 19, 2010) (unpublished) (citing Slack, 529 U.S. at 484-85). The court FINDS that the magistrate judge's conclusion that the petition is barred by the statute of limitations is correct, and that Petitioner failed to establish that the ruling is debatable. Accordingly, Petitioner's objection is OVERRULED.

### Respondent's Objection

Respondent objects to a recitation in the conclusion of the magistrate judge's report which states that: "The statute of limitations was statutorily tolled for twenty-one (21) days while DiCaprio-Cuozzo's motion for a new trial was pending before the state court." (Rpt. at 15.) As noted by the Respondent, the magistrate judge's actual finding, as presented in the Findings of Facts and Conclusions of Law section of the report, was conditional, stating that: "If the Court determined that this motion was a properly filed application for post-conviction review, the limitations period only would be tolled twenty-one (21) days until April 7, 2009." (Rpt. at 11.) Respondent objects to the recitation in the conclusion of the report because it fails to incorporate the conditional language used earlier, arguing that the motion at issue was not a properly filed application for post-conviction review and thus did not toll the limitations period. (Resp't's Objection ¶ 4.) Respondent acknowledges that "[i]f the Magistrate Judge merely had assumed without deciding that the time was tolled, the respondent would have accepted the finding." (Resp't's Objection ¶ 1 n.1.)

The Rossi affidavit was executed on March 17, 2008. Petitioner filed the instant petition on March 24, 2010, well beyond the one-year limitations period imposed by the AEDPA. See 28 U.S.C. § 2244(d)(1). Ultimately, whether Petitioner's state

court motion for a new trial was a properly filed application for post-conviction review is not material. Under either scenario, the instant petition was filed at least fifty (50) weeks after the limitations period had expired. Accordingly, Respondent's objection is OVERRULED.

## Conclusion

The court, having reviewed the record and examined the objections filed by Petitioner and Respondent to the magistrate judge's report, and having made de novo findings with respect to the portions objected to, the court hereby ADOPTS AND APPROVES the findings and recommendations set forth in the report of the United States Magistrate Judge filed on August 13, 2010, with the following modifications, which are not material to the court's decision. See 28 U.S.C. § 636(b)(1). These modifications are as follows: page 15, line 10, following the word "The," insert the words "court assumes, without deciding, that the"; page 15, line 14, following the words "April 7, 2009," insert the words "at the latest,"; and page 15, line 16, strike the word "nearly" and insert the word "approximately."

Accordingly, it is hereby ORDERED that the petition be DENIED AND DISMISSED, as the claims are barred by the statute of limitations. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall forward a copy of this Opinion and Final Order to Petitioner and to counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 12, 2010